# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT A. BURCUM, SR.,         )
                               )
        Petitioner,            )
                               )
v.                             )    No. CIV-15-570-D
                               )
TRACY MCCOLLUM,                )
                               )
        Respondent.            )

## REPORT AND RECOMMENDATION

Petitioner Robert Burcum, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction in Caddo County Case No. CF-2011-174. (ECF No. 1). The Petition should be **DISMISSED** as moot.

## I.     RELEVANT BACKGROUND

On February 24, 2014, Petitioner pled guilty to assault and battery with a dangerous weapon in Caddo County Case No. CF-2011-174. (ECF No. 13-1). The District Court entered judgment and sentenced Mr. Burcum to a term of 9 years imprisonment, to run "concurrent with and receive all time served and earned" from a previous conviction in Oklmulgee County, Case No. CF-2012-76. (ECF No. 13-3). The incarceration was then to be followed by an additional 9-month term of "post imprisonment supervision." (ECF No. 13-3). Petitioner's incarceration for Case No. CF-2011-174 began February 24, 2014, and ended November 9, 2015.[1] Petitioner's incarceration for Case No.

---

[1] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=181081&offender_book_id=239503

CF-2012-76 ended March, 30, 2016.[2] On that date, Mr. Burcum began the 9-month period of "post imprisonment supervision" in Case No. CF-2011-174.[3] That period ended on December 29, 2016.[4]

## II.    THE MOOTNESS DOCTRINE

Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). The case or controversy requirement means that throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). So, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever to a prevailing party,'" the case becomes moot. *Prier*, 456 F.3d at 1213 (citation and internal quotations omitted). Once an action is moot, "this Court lacks jurisdiction to adjudicate the matter." *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). A petitioner may avoid dismissal on grounds of mootness, however, by demonstrating "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction." *Spencer*, 523 U.S. at 7.

---

[2] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=181081&offender_book_id=239503

[3] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=181081&offender_book_id=239503

[4] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=181081&offender_book_id=239503

**III. FAILURE TO RESPOND TO THE SHOW CAUSE ORDER**

In light of the apparent mootness of Mr. Burcum's Petition, the undersigned gave Petitioner notice and an opportunity to address the issue via an Order to Show Cause. (ECF No. 20). Petitioner was ordered to demonstrate, no later than January 20, 2017, why his habeas action should not be dismissed as moot. This Order was mailed to Mr. Burcum at the address on record— but was returned to the Court as undeliverable on January 12, 2017. (ECF No. 21). Mr. Burcum has not changed his address with the Court, as required by Local Civil Rule 5.4(a). To date, Petitioner has neither responded to the Show Cause Order, nor has he requested an extension to the January 20, 2017, deadline. Therefore, the Court should dismiss the Petition as moot. *See Wilcox v. Aleman*, 43 F. App'x 210, 212 (10th Cir. 2002) (habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from the mootness death knell").

**IV. RECOMMENDATION**

It is recommended that Mr. Burcum's Petition for Habeas Corpus **(ECF No. 1)** be **DISMISSED AS MOOT**.

**V. NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 16, 2017**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate

3

review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on January 30, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE